UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LANDMARK AT WEST PLACE, LLC,

      Plaintiff,

v.                                    Case No: 6:17-cv-554-Orl-18TBS

KEAIRA HILTON,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I have construes as a motion to proceed *in forma pauperis* (Doc. 3). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **dismissed** without leave to amend.

### Discussion

      An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

      Federal district courts are courts of limited jurisdiction. As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Parties seeking to invoke a federal

district court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction[1] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff must also sufficiently plead the elements required for each cause of action alleged. "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from

---

[1] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

filing frivolous, malicious, or repetitive lawsuits." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324

(1989). Still, the Supreme Court cautions that a case should only be dismissed as

frivolous if it relies on meritless legal theories or facts that are clearly baseless. <u>See</u> <u>id.</u> at

327.

On March 29, 2017, Plaintiff Keaira Hilton filed her complaint in this Court,

appealing her tenant eviction in Florida state court (Doc. 1 at 4-5). The state court case is

<u>Landmark at West Place LLC vs. Keaira Hilton</u>, Case Number 2017-CC-002667-O, in the

County Court of the Ninth Judicial Circuit in and for Orange County, Florida. Although

Plaintiff copied the case heading from the state court case, *she* initiate this federal court

appeal and *she* signed the complaint, thus, *she* is the Plaintiff in this federal court action.

She invokes this Court's federal question jurisdiction, alleging:

> According to Federal Statute 29 USC §1441-1442, I am
> appealing my eviction, and asking that my case be handled by
> the US District court. The reason I am bringing this matter
> before the US District Court because my rights have been
> grossly violated and I have been handled with extreme
> prejudice and hostility due to my financial situation decline and
> due to my temporary disability from pregnancy complications.
> While I was still a tenant in my home, the landlord knocked
> each day, shut the electrical breakers off and asked me to
> leave, before court proceedings had started.

(Doc. 1 at 4). Plaintiff concedes that she owes the past due rent and seeks the

opportunity to pay the arrears and to remain in the apartment until April 30, 2017 (<u>Id.</u>).

Although the Court is sympathetic to Plaintiff's situation, her complaint is deficient for a

number of reasons, any one of which is sufficient grounds upon which to base dismissal.

1.   <u>The Court Lacks Subject Matter Jurisdiction</u>

Plaintiff invokes this Court's jurisdiction pursuant to 29 U.S.C. § 1441. This statute

has no logical relationship to her complaint. 29 U.S.C. § 1441 relates to specific benefits

under the Employee Retirement Income Security Program, and 29 U.S.C. § 1442 is not

an actual federal statute. Perhaps Plaintiff committed a scrivener's error and intended to

cite to the federal removal statute, 28 U.S.C. § 1441, which provides that,

> Except as otherwise expressly provided by Act of Congress, **any civil action brought in a State court of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Citing to the removal statute, by itself, is not

enough to confer federal court jurisdiction. The statute allows a defendant to move a case

from state court to a federal district court if the subject matter is such that the case could

have originally been brought in federal court. Assuming this is what Plaintiff intended,

federal question jurisdiction is not invoked because the eviction action did not rely on the

application of an independent federal statute. Plaintiff's eviction is also not an injury that

would invoke the Court's diversity jurisdiction because it fails to satisfy the threshold

citizenship and amount in controversy requirements. Thus, regardless of whether she

intended to cite to Title 28 instead of Title 29, Plaintiff's averments do not sufficiently

establish this Court's subject matter jurisdiction over her complaint and her case should

be dismissed.

    2.  The Rooker-Feldman Doctrine Bars Plaintiff's Claim

The Rooker-Feldman doctrine divests this court of subject matter jurisdiction over

Plaintiff's federal challenge to the state court order of eviction. The Rooker-Feldman

doctrine provides that lower federal courts lack jurisdiction to review final judgments of

state courts. The doctrine takes its name from two Supreme Court cases in which it was

applied. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court

of Appeals v. Feldman, 460 U.S. 462 (1983). In Rooker, the plaintiffs brought suit in federal district court seeking to have a state court judgment, which had been affirmed by the state's highest court, "declared null and void" on the grounds that it violated the United States Constitution. 263 U.S. at 414-15. The district court dismissed the suit for lack of jurisdiction and on appeal, the Supreme Court affirmed. Id. at 415. The Supreme Court emphasized that state courts are competent to decide issues of federal law that happen to arise in proceedings within their jurisdiction, and any mistakes the state court happened to make in resolving federal questions "did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." Id. Congress granted the Supreme Court, among the federal courts, exclusive appellate jurisdiction over state court decisions. Id. at 416, see also 28 U.S.C. § 1257 (vesting certiorari jurisdiction over state court judgments in Supreme Court). The Supreme Court held that the suit, which was "merely an attempt to get rid of the judgment for alleged errors of law committed in the exercise of [the state courts'] jurisdiction," was not within the "strictly original" jurisdiction of federal district courts. Rooker, 263 U.S. at 416.

In Feldman, the District of Columbia Court of Appeals rejected petitions from two applicants for admission to the District of Columbia bar. The applicants asked the court to waive its rule that all attorneys admitted to practice in the District must have graduated from an accredited law school. 460 U.S. at 466-67, 472. They sued in federal district court seeking a declaration that the denial of their petitions violated the Fifth Amendment to the Constitution and the Sherman Act. Id. at 468-69, 72-73. Their complaints raised both facial challenges to the D.C. rule and challenges to the court's failure to waive the rule as applied to them. Id. at 469 n. 3. The Supreme Court began its analysis by reiterating the

rule it established in Rooker, that district courts lack authority "to review final determinations" of state courts. Id. at 476; see also 28 U.S.C § 1257(b) (providing that the District of Columbia Court of Appeals is "the highest court of a State" for purposes of the Supreme Court's certiorari jurisdiction over state court judgments). It then held that the D.C. bar admission proceedings were judicial in nature, so that under the rule set forth in Rooker, the federal district courts could not entertain an action amounting to an appeal of the D.C. court's orders. Feldman, 460 U.S. at 476-82.

In applying the Rooker rule to bar the applicants' claims, the Supreme Court drew a distinction between their claims that the D.C. court violated their constitutional rights in refusing to grant a waiver and their facial challenges to the D.C. rule. Id. at 482-83. The district court lacked jurisdiction to consider the applicants' arguments that the D.C. court's denial of their petitions was unreasonable and discriminatory or arbitrary and capricious, because "[t]hese allegations are inextricably intertwined with the [D.C. court's] decisions, in judicial proceedings, to deny the [applicants'] petitions." Id. at 486-87. But, because the applicants' "general challenge to the constitutionality" of the D.C. rule did "not require review of a judicial decision in a particular case," the district court had jurisdiction over those claims. Id. at 483, 487.

The Supreme Court revisited the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). Exxon Mobil involved a dispute between ExxonMobil Corp. and Saudi Basic Industries Corp. ("SABIC") over royalties charged by SABIC to joint ventures between SABIC and two of ExxonMobil's subsidiaries. Id. at 289. In July 2000, SABIC sued ExxonMobil in Delaware state court seeking a declaratory judgment that the royalties were proper. Id. Two weeks later, ExxonMobil sued SABIC in federal district court in New Jersey, alleging that SABIC

overcharged the joint ventures. Id. In January 2002, ExxonMobil answered SABIC's state-court complaint and pled as counterclaims the same claims it had asserted in the federal action. Id. SABIC moved to dismiss the federal case, arguing that it was immune under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. Id. at 289-90. The district court denied SABIC's motion, and SABIC took an interlocutory appeal to the United States Court of Appeals for the Third Circuit. Id. at 290. Meanwhile, in March 2003, the state court action went to trial, where a jury awarded ExxonMobil a verdict of over $400 million. Id. The Third Circuit then remanded SABIC's appeal with instructions to dismiss, holding that the federal district court no longer had subject matter jurisdiction "because ExxonMobil's claims have already been litigated in state court." Id.

The Supreme Court reversed in a unanimous decision, holding that Rooker-Feldman did not "vanquish" the district court's jurisdiction after the state court entered judgment. Id. at 294. In its opinion, the Supreme Court expressed disapproval of what it viewed as a trend in the lower courts of expanding the Rooker-Feldman doctrine "far beyond the contours of the Rooker and Feldman cases." Id. at 283. Rooker-Feldman, the Supreme Court said, "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. Rooker-Feldman does not divest federal district courts of jurisdiction "[w]hen there is parallel state and federal litigation" and the state court enters judgment first. Id. at 292. Nor, the Supreme Court explained, does it apply simply because a party "attempts to litigate in federal court a matter previously litigated in state court." Id. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has

reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (internal quotations and citations omitted).

As the Supreme Court explained in Exxon Mobil, the Rooker-Feldman doctrine applies when (1) the plaintiff lost in state court; (2) the plaintiff complains about an injury "caused by the state-court judgment[]"; (3) the state-court case ended before the plaintiff brought the federal case; and (4) the plaintiff "invite[s]" the federal court to "review or reject[]" the state court judgment. 544 U.S. at 284.

By challenging her eviction, Plaintiff is asking this Court to overturn a final judgment of a state court of competent jurisdiction. All four requirements for the application of the Rooker-Feldman doctrine are plainly satisfied in this case. On March 3, 2017, Plaintiff's landlord, Defendant Landmark at West Place, LLC filed a complaint for tenant eviction in the County Court.[2] Plaintiff defaulted and on March 23, 2017, County Judge Martha Adams entered a final judgment for possession against Plaintiff.[3] The court issued a writ of possession (removal of tenant) the next day.[4] The state court judgment was entered six days before Plaintiff initiated this federal lawsuit. Therefore, Plaintiff's federal claim violates the Rooker-Feldman doctrine and the case must be dismissed on this ground. See Christophe v. Morris, 198 F. App'x 818, 825 (11th Cir. 2006).

---

[2]
https://myeclerk.myorangeclerk.com/CaseDetails?caseId=10061802&caseIdEnc=pgVOPuucNOHRA7fA9K rF5ZkrYQ0FRq6otBQcfxFDs1km75kkw%2BqaUocwEWS2odFdLBLs9bqu4SzdWPHowRlpfx2Dgwh73UYL 573XWd4qDBk%3D

[3] Id.

[4] Id.

## Recommendation

The nature of the defects in Plaintiff's complaint cannot be cured by amendment. Therefore, I respectfully recommend that the district judge **DENY** the pending motion to proceed *in forma pauperis* (Doc. 3) and **DISMISS** this case without leave to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 3, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Keaira Hilton