UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LANDMARK AT WEST PLACE, LLC

    Plaintiff,

v.                                                        Case No. 6:17-cv-554-Orl-37TBS

KEAIRA HILTON,

    Defendant.
_____

**ORDER**

*Pro se* litigant Keaira Hilton ("**Ms. Hilton**") filed a complaint in this Court on March 29, 2017, seeking to appeal an eviction action initiated in state court ("**State Court**") (*see* Doc. 2 ("**State Eviction Complaint**")). (Doc. 1 ("**Instant Complaint**").)[1] Along with the Instant Complaint, Ms. Hilton filed a motion for leave to proceed *in forma pauperis*. (Doc. 3 ("**IFP Motion**").) On referral, U.S. Magistrate Judge Thomas B. Smith recommends that the Court: (1) deny the IFP Motion; and (2) dismiss the action for lack of subject matter jurisdiction. (Doc. 4 ("**R&R**").) Neither party filed objections, and the time for doing so has now passed.

Specifically, Magistrate Judge Smith concluded that: (1) the Complaint fails to properly allege either federal question or diversity jurisdiction; and (2) the Court lacks

---

[1] Although Ms. Hilton copied the case heading from the State Eviction Complaint, she initiated this federal appeal and signed the Complaint; thus, she is the Plaintiff in this action.

-1-

subject matter jurisdiction under the *Rooker-Feldman* doctrine[2], which prohibits lower federal courts from reviewing final state court judgments. (*Id.* at 3–8.) As noted in the R&R, the State Court entered a final judgment against Ms. Hilton on March 23, 2017, six days prior to her initiation of this appeal. (*Id.* at 8.)

In the absence of objections, the Court has examined the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 4) is **ADOPTED, CONFIRMED,** and made a part of this Order.

2. The Motion to Proceed *in Forma Pauperis* (Doc. 3) is **DENIED**.

3. The Complaint for a Civil Action (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 24, 2017.



ROY B. DALTON JR.
United States District Judge

---

[2] The doctrine has its origins in two U.S. Supreme Court cases. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Copies to:

Counsel of Record
*Pro Se* party